By the Court.
March 8, 1926, the relator filed a petition in mandamus in this court against, the defendant, alleging that on November 14, 1925, the relator filed with the defendant a schedule of rates for gas to be furnished in 44 villages and cities in Ohio, the rates to be effective December 15, 1925; that on the dates above mentioned there were not in force in any of the municipalities or communities rates or charges fixed by ordinance, or rates or charges fixed and determined by order of the defendant; that the defendant on December 14, 1925, suspended the effective dates of the schedules for a period of 120 days from November 14, 1925; that on the 8th day of February, 1926, the defendant, by order entered upon its journal, directed that the schedules, and each of them, be *656 stricken from the defendant’s files; that the defendant in making such order, made no finding or determination that the rates and charges shown by the schedules, or any of them, were unlawful or improper; that the action of the defendant aforesaid was unwarranted, arbitrary, and unlawful; and that the action of the defendant prevented the putting into force at the expiration of the suspension period the rates shown upon the schedules.
The petition prayed for a writ of mandamus commanding the defendant to permit the restoration to its files of the schedules of rates and charges, and also commanding the defendant to fix the amount of the bond to be given by the relator pursuant to the provisions, of Section 614-20, General Code.
March 15, 1926, the defendant filed a motion in this court to strike from the files the relator’s petition, on the ground that this court has no jurisdiction to consider the action.
Section 544, General Code, provides: “A final order made by the commission shall be reversed, vacated.or modified by the Supreme Court, on a petition in error, if upon consideration of the record such court is of the opinion that such order was unlawful and unreasonable.”
Relator claims that this motion to dismiss should be overruled, for the reason that the defendant has filed neither an answer nor a demurrer, and there is nothing in the record to show what the facts are other than the allegations of the petition itself. For the purpose of this motion the truth of the facts alleged in the petition must be as *657 sumed. The petition shows the action taken by the defendant. It is quite immaterial that the petition omits to show the reasons of the defendant for the action taken. The order is a final order; it terminates the whole proceeding with respect to the fixing of rates named in the schedules. If the order is unlawful and unreasonable, Section 544, General Code, supra, clearly furnishes a complete and adequate remedy, and this being true the writ of mandamus cannot be substituted for a proceeding in error. The decision of this court in the case of State ex rel. Ohio Electric Ry. Co. v. Pub. Util. Comm., 101 Ohio St., 313, 128 N. E., 83, covers the situation here. The motion to dismiss will be granted.

Writ denied.

Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.